**NATIONAL CAPITAL GIRL SCOUT COUNCIL, etc., Plaintiff,**

v.

**DISTRICT UNEMPLOYMENT COMPEN-SATION BOARD, etc., et al., Defendants.**

Civ. A. No. 3073-63.

United States District Court
District of Columbia.

June 10, 1964.

Henry F. Lerch, Washington, D. C., for plaintiff.

Louis Mackall, Jr., Washington, D. C., for defendants.

David G. Bress, Washington, D. C., representing the Boy Scouts of America; and Philip F. Herrick, Washington, D. C., representing the Camp Fire Girls, appearing as *amici curiae*.

HOLTZOFF, District Judge.

This case is before the Court on cross motions for summary judgment. Only a question of law is involved. The question is whether the plaintiff organization, the National Capital Girl Scout Council, is exempt from the provisions of the Unemployment Compensation law for the District of Columbia.

At first blush, one would feel that it is unfair to exclude any group of employees from the benefits of unemployment compensation if the community is going to have an unemployment compensation system. Congress, however, for very good reasons, has exempted certain organizations from the provisions of this law, presumably because such organizations are

supported in whole or in large part by grants from the United Givers Fund or contributions from the public. It was evidently the view of Congress that such funds should not be burdened with the expense of unemployment compensation for employees, and the employees do suffer that detriment.

Originally, Congress exempted from unemployment compensation insurance, among other activities, services performed in the employ of establishments "organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes." D.C.Code, 46–301(b) (5) (G). By Act of March 30, 1962, this exemption was narrowed so as to be limited to establishments organized and operated exclusively for religious or charitable purposes. In other words, "scientific, literary or educational purposes" were stricken from the original exemption.

The first question to be determined is whether the Girl Scouts is an organization operated for charitable purposes. It must be borne in mind that the word "charity" is much broader than relief of the needy or the poor. It includes a large group of activities for the betterment of individuals or of the entire community. For example, the operation of a residential settlement house, "including classes and social activities for adults and children and day care of children", has been held to be a charitable purpose. District of Columbia v. Friendship House Ass'n, Inc., 91 U.S.App.D.C. 137, 198 F.2d 530. That conclusion was reached in spite of the fact that the organization charged for its services on the basis of the individual's ability to pay.

■ The Court has no doubt that under the broad definition of "charity", which the Court must invoke, this organization has a charitable purpose. It is

significant to observe that the Internal Revenue Service of the United States has granted an exemption to this organization as a charitable organization, and on that basis it is not under liability to pay income taxes.

■ The next question, and perhaps the more troublesome one, is whether it is operated exclusively for charitable purposes. Obviously, the word "exclusively" must not be taken literally. The Court construes it to mean "primarily" or "principally" or "in large part". We were admonished of old that, "The letter killeth but the spirit giveth life". This is the principle that we must invoke in construing words that are not words of art. There is no doubt in the mind of the Court that the activities of this organization have, among other things, a very beneficent educational effect, but it is not primarily or principally an educational establishment. The educational aspects are purely incidental. It might be said to be more character-building rather than strictly educational.

If we refer back again to the Friendship House Association case, to which the Court has already adverted, the settlement house conducted classes and social activities, and yet the organization was held by the Court of Appeals to be charitable. The American Red Cross conducts classes, but this aspect of its activities is so minor as compared with its basic operations that this circumstance does not detract from its position as being operated exclusively for charitable purposes.

In view of these considerations, the Court reaches the conclusion that the plaintiff is entitled to be exempt from the unemployment insurance provision of the District of Columbia Code, and so rules.

Plaintiff's motion for summary judgment is granted, and the defendants' motion is denied.